IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Eric Schwartz | : | CIVIL ACTION NO. _____ |
| Plaintiff, | : | |
| | : | **JURY TRIAL DEMANDED** |
| v. | : | |
| | : | |
| The Ritz-Carlton Hotel Company, LLC, | : | |
| Defendant. | : | |
| _____ | : | |

## COMPLAINT

Plaintiff Eric Schwartz avers as follows:

## NATURE OF ACTION

1. Plaintiff hereby complains that Defendant Ritz-Carlton Hotel Company, LLC ("Ritz") unlawfully terminated his employment because of his age, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621-634, and the Pennsylvania Human Relations Act, as amended ("PHRA"), 43 P.S. § 951, *et seq*. Plaintiff was terminated for allegedly poor performance at the age of 53, after a 13-year career, and after Defendant Ritz-Carlton Hotel Company, LLC began a company-wide rebranding in an attempt to be perceived as less stuffy and more energetic.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the ADEA claims pursuant to 28 U.S.C. Section 1331. The Court has supplemental jurisdiction over the claims under the Pennsylvania Human Relations Act pursuant to 28 U.S.C. Section 1367.

3. Venue is appropriate in this District under 28 U.S.C. Section 1391, as Defendant's relevant actions underlying the causes of action occurred within the District at Defendant's Ritz-Carlton Hotel, Philadelphia.

**FACTS**

4. Plaintiff began his employment with Defendant as a PBX Manager in 2000. After that position was eliminated, he was transferred to the accounting department as Accounts Payable.

5. Plaintiff became a Banquet Captain in 2003. Plaintiff's job responsibilities included supervising the wait staff, meeting with group contacts, implementing instructions in the contracts, and closing checks.

6. Plaintiff was qualified for his position as a Banquet Captain as he filled that role prior to 2012 for nearly ten years without incident.

7. Plaintiff did not receive any formal criticism of his performance until 2012 when Stephanie Boby became his supervisor.

8. Leading up to Plaintiff's termination, Defendant issued three written disciplinary actions against him. The disciplinary actions were deliberately designed to create a paper trial to justify Plaintiff's termination. The first two actions were instituted by Ms. Boby, who was 29 years old at the time. The last action was instituted by Brenda Turgeon, who was 36 years old at the time.

9. The disciplinary actions against Plaintiff were a pretext for discrimination against him on the basis of his age.

10. Upon information and belief, a significantly younger employee, Jake Metz, was terminated for giving himself extra hours, but was then reinstated because the additional hours resulted from an alleged oversight, rather than intent to steal time.

11. In contrast, one of the supposed infractions leading to Plaintiff's termination was the allegation that Plaintiff improperly closed a check, resulting in additional fees being allocated to

the tip pool. This was an oversight, and not committed with the intent to steal, but Plaintiff was not reinstated. This disparity in treatment between Plaintiff, age 53, and Mr. Metz, age 23 at the time of the incident, is evidence of pretext and age discrimination.

12. Defendant terminated Plaintiff's employment on November 14, 2013.

13. At the time of his termination Plaintiff was 53 years old. He was the oldest Banquet Captain at the hotel.

14. Leading up to Plaintiff's termination, Defendant's management had an internal campaign to get rid of older employees. For example, Ms. Boby told Plaintiff and the other two Captains to find a reason to terminate John Wong, an older employee in the department, who she said was too old. Mr. Wong was fired shortly thereafter.

15. Ms. Boby also told Plaintiff and the other two Captains to look for a reason to discipline George Mathis because he was too old. Upon information and belief, Mr. Mathis was approximately 70 years old at the time.

16. Ms. Boby also told Plaintiff to look for a reason to discipline Nong P., a server who, upon information and belief, was approximately 58 years old at the time.

17. This discriminatory conduct by Ms. Boby took place in the broader context of a rebranding by Defendant in an attempt to appear less stuffy, which is code for old, and more engaging and energetic, which is coded language meaning younger.

18. In particular, Plaintiff was required to attend two training programs in which the trainer explained that Defendant's guests were younger and more casual than in the past, and that, as a result, Defendant wished to portray a new, updated image that was more energetic, vibrant, and hip.

19. Upon information and belief, Plaintiff was terminated because of his age.

20. Plaintiff timely filed a charge of discrimination with the Pennsylvania Human Relations Commission, which was cross-filed with the Equal Employment Opportunity Commission, and properly exhausted his administrative remedies.

### **COUNT I – ADEA**

21. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though set forth fully herein.

22. Defendant was an employer covered by the ADEA at the time it terminated Plaintiff's employment.

23. Plaintiff timely filed a charge of discrimination with the EEOC and filed this lawsuit within the applicable limitations period under the ADEA.

24. Defendant's termination of Plaintiff's employment violated the ADEA's prohibition against employment discrimination based on age.

25. Defendant took its action against Plaintiff in willful violation of his right to be free from age discrimination in his employment under the ADEA.

### **COUNT II – PHRA**

26. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though set forth fully herein.

27. Defendant was an employer covered by the PHRA at the time it terminated Plaintiff's employment.

28. Plaintiff timely filed a charge of discrimination with the Pennsylvania Human Relations Commission and filed this lawsuit within the applicable limitations period under the PHRA.

29. Defendant's termination of Plaintiff's employment violated the PHRA's prohibition against employment discrimination based on age.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands:

(1) back pay for the period commencing with the date of termination and continuing through the date of judgment;

(2) reinstatement or, in the alternative, front pay for an appropriate period;

(3) liquidated damages in an amount equal to back pay, under the ADEA;

(4) compensatory damages for noneconomic harm, under the PHRA;

(5) an enjoinment of future discriminatory practices by Defendant in violation of the ADEA and PHRA;

(6) reasonable attorneys' fees in accordance with the ADEA and PHRA;

(7) reimbursement of costs incurred in this action;

(8) pre- and post-judgment of interest; and

(8) any and all other relief that this Court finds to be appropriate and just.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial as to all claims and matters triable by jury.

_/s/ Michael J. Salmanson_
Michael J. Salmanson, ID. 46707
Scott B. Goldshaw, ID. 85492
SALMANSON GOLDSHAW, P.C.
Two Penn Center, Suite 1230
1500 John F. Kennedy Boulevard
Philadelphia, PA   19102
215-640-0593
215-640-0596 (fax)

Dated: August 18, 2017

5