IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC SCHWARTZ, <br><br> *Plaintiff,* <br><br> v. <br><br> THE RITZ-CARLTON HOTEL COMPANY, LLC, <br><br> *Defendant.* | CIVIL ACTION <br> NO. 17-03751 |

PAPPERT, J.                                                                      August 2, 2018

## <u>MEMORANDUM</u>

Eric Schwartz worked for nearly thirteen years for Ritz-Carlton in Philadelphia before being terminated. Feeling that he was fired because of his age, Schwartz sued Ritz-Carlton under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.* ("ADEA") and Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et seq.* ("PHRA"). Citing an arbitration provision in Schwartz's Employee Agreement, Ritz-Carlton moves to dismiss, or alternatively to stay the proceedings, to enable the parties to resolve the dispute before the American Arbitration Association. (Mot. to Dismiss, ECF No. 16.) The Court grants the Motion, compels arbitration and stays this case for the reasons that follow.

I

Ritz-Carlton hired Schwartz in 2000 as a manager and he received the training afforded to new employees. (Compl. ¶ 4, ECF No. 1; Reply, Ex. 1 ("Bryant-Jackson Supp. Decl.") at ¶¶ 6–7, ECF No. 18-1.) As part of that training, employees receive an Employee Agreement that describes their rights and Ritz-Carlton's three-stage

1

procedure for resolving disputes that arise in the workplace. (Bryant-Jackson Supp. Decl. at ¶ 6.) At the first stage, employees agree to attempt to resolve concerns with their immediate supervisor, division head or general manager. (Mot, Ex. A ("Employee Agreement") at 7, ECF No. 18-3.) If this does not resolve the dispute, the employee proceeds to the second stage and seeks further help through a Peer Review Panel, which typically consists of three employees and two managers. (*Id.* at 8.) Failing resolution, the employee proceeds to stage three, arbitration. (*Id.* at 11.) The arbitration provision in the Employee Agreement provides:

> I shall request Arbitration if I have been terminated or feel I have been discriminated against based on race, color, sex (including sexual harassment), religion, national origin, sexual orientation, marital status, age or disability. Arbitration is a process in which my workplace issue is presented to a neutral third party, the arbitrator, for a ***final and binding decision***.

(*Id.*) (emphasis in original).

Schwartz received a copy of the Employee Agreement and was trained on the three-stage dispute resolution process. (Bryant-Jackson Supp. Decl. at ¶¶ 3, 5, 7–9.) On November 15, 2000, Schwartz and Assistant Director of Human Resources Vanessa Bryant-Jackson signed the Employee Agreement, which included the arbitration provision.[1] (*Id.* at ¶ 10.) The signature page was placed in Schwartz's personnel file and he kept the remainder of the Employee Agreement. (*Id.* at ¶¶ 10–11.)

After completing orientation and training, Schwartz began working as a PBX Manager,[2] but was transferred to the accounting department after his position was eliminated. (Compl., ¶ 4.) He became a Banquet Captain in 2003 and remained in that

---

[1] At the time she signed the Employee Agreement Bryant-Jackson was Vanessa Bryant. *See* (Employee Agreement at 11).

[2] PBX Manager is undefined in the Complaint. *See* (Compl. at 4).

role until 2012, when he began receiving criticism for his job performance. (*Id.* at ¶ 7.) Schwartz received three written disciplinary actions before he was terminated on November 14, 2013. (*Id.* at ¶¶ 12–13.) He was 53 years old at the time and believes he was really fired because of his age, alleging that Ritz-Carlton sought to get rid of older employees. (*Id.* at ¶¶ 8, 14–19.)

## II

### A

When it "is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." *Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764, 776 (3d Cir. 2013) (quotation and citation omitted). However, "if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on the question." *Id.* (quotation and citation omitted). The summary judgment standard then applies to any motion to compel arbitration. *Id.* at 776.

Schwartz filed his Complaint on August 18, 2017 (ECF No. 1), and Ritz-Carlton filed a Motion to Dismiss or Stay Proceedings, contending that Schwartz's claims should be dismissed because he agreed to arbitrate his age discrimination claims. (ECF No. 3.) The Court denied the Motion without prejudice and ordered limited discovery on the question of arbitrability. (Order at 1 n.1, ECF No. 9.) Discovery entailed

declarations and supplemental declarations from Bryant-Jackson and Crystal Champion, Director of Human Resources for Ritz-Carlton Philadelphia.³ *See* (Mot., Bryant-Jackson Decl., ECF No. 16-2; Bryant-Jackson Supp. Decl.; Ex. 2, Champion Decl., ECF No. 16-3; Ex. 2 ("Champion Supp. Decl."), ECF No. 18-2.) Champion was also deposed. (Ex. 1 ("Champion Dep.") at 26:11–26:21, ECF No. 17-1.) Schwartz was not deposed, nor did he provide an affidavit or declaration which could constitute record evidence to support any of the arguments made in his response to Ritz-Carlton's Motion. With discovery complete, the Court reviews Ritz-Carlton's renewed Motion to Dismiss under the summary judgment standard. *See Guidotti*, 716 F.3d at 776.

B

Summary judgment is proper if the pleadings, discovery, disclosure materials and any affidavits show that there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Smathers v. Mutli-Tool, Inc./Multi-Plastics, Inc. Emp. Health & Welfare Plan*, 298 F.3d 191, 194 (3d Cir. 2002); *see also* Fed. R. Civ. P. 56(c). A genuine issue of material fact exists when "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). A mere scintilla of evidence in support of the non-moving party will not suffice; there must be evidence by which a jury could reasonably find for the non-moving party.

---

³ Bryant-Jackson and Champion both provided an initial and then supplemental declaration. Schwartz argues that the Court should disregard their initial submissions because they did not specify which of their assertions were based on their personal knowledge as opposed to their belief. (Resp. at 2, 5–6.) Any purported deficiencies in their first declarations were corrected in their supplemental declarations, which satisfy the requirements for unsworn written statements. *See* Fed. R. Civ. P. 56(c)(4) (explaining formal affidavits in support of a motion no longer required); 28 U.S.C. § 1746 (explaining requirements for written statements in support of motion). Bryant-Jackson and Champion state that their supplemental declarations are true and correct based on their personal knowledge. The supplemental declarations were made under penalty of perjury, signed and dated. (Bryant-Jackson Supp. Decl. at ¶¶ 1, 3, 13; Champion Supp. Decl. at ¶¶ 1, 19).

*Id.* at 252. Summary judgment is appropriate where "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

In reviewing the record, a court "must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Prowel v. Wise Bus. Forms*, 579 F.3d 285, 286 (3d Cir. 2009). The court may not, however, make credibility determinations or weigh the evidence in considering motions for summary judgment. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 566, 665 (3d Cir. 2002).

III

The Court must first determine if the arbitration provision contained in Schwartz's Employee Agreement is valid. *Trippe Mfg. Co. v. Niles Audio Corp.*, 401 F.3d 529, 532 (3d Cir. 2005). If it is, the Court must then decide if Schwartz's Complaint falls within the scope of that provision. *Id.* Although the Federal Arbitration Act, 9 U.S.C. § I, *et seq.* ("FAA") creates a presumption of arbitrability, that presumption only applies to the determination of whether a claim falls within the scope of an arbitration agreement. *See Century Indem. Co. v. Certain Underwriters at Lloyd's, London*, 584 F.3d 513, 524–26 (3d Cir. 2009).

A

The FAA "requires district courts to stay judicial proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *James v. Global TelLink Corp.*, 852 F.3d 262, 265 (3d Cir. 2017); *see also* 9 U.S.C. § 3. "Arbitration is a matter of contract between the parties and a judicial mandate to

arbitrate must be predicated upon an agreement to that effect." *Id.* "[T]o determine whether a valid arbitration agreement exists" the Court must "apply ordinary state-law principles that govern the formation of contracts." *James*, 852 F.3d at 265 (citation omitted).

Pennsylvania "has a well-established public policy that favors arbitration, and this policy aligns with the federal approach expressed in the [FAA]." *Pisano v. Extendicare Homes, Inc.*, 77 A.3d 651, 660 (Pa. Super. Ct. 2013). To determine whether a contract is formed under Pennsylvania law, the Court must look to: "(1) whether both parties manifested an intention to be bound by the agreement; (2) whether the terms of the agreement are sufficiently definite to be enforced; and (3) whether there was consideration." *Century Indem.*, 584 F.3d at 533 (citations omitted).

Schwartz contends that he did not manifest an intention to be bound by the arbitration agreement because it is unclear "whether plaintiff did in fact sign an [employee] agreement containing the arbitration provisions in question." (Resp. at 1.) According to her supplemental declaration, however, Bryant-Jackson trained Schwartz on the arbitration provision and they both signed the Employee Agreement containing it. *See* (Bryant-Jackson Supp. Decl. at ¶¶ 3, 5, 7–9; Employee Agreement at 12); *see also Soroko v. Atmos, Inc.*, No. 11-6120, 2015 WL 5585350, at *4 (E.D. Pa. Sept. 23, 2015) (finding plaintiff bound by arbitration agreement when he signed employment contract containing that provision); *Reichner v. McAfee, Inc.*, No. 11-6471, 2012 WL 959365, at *3 (E.D. Pa. Mar. 21, 2012) (same).

Schwartz also argues, somewhat alternatively, that there is a genuine issue as to whether he is bound by *any* employment agreement. (Resp. at 5.) Specifically, he

contends that in 2005, the terms of the Employee Agreement were updated, with the new version intended to supersede the version he signed in 2000. *See* (*id.*; Champion Dep. at 26:11–26:21). According to Champion, however, the signed 2000 Agreement was the only Employee Agreement in Schwartz's personnel file, and there is no evidence he signed anything else. (Champion Supp. Decl. at ¶ 13). Schwartz is bound by his signed 2000 Employee Agreement and its provision requiring him to request arbitration if he is fired or feels he has been discriminated against.[4]

B

The Court must next determine whether Schwartz's claims fall within the scope of the enforceable arbitration agreement. *See MacDonald*, 951 F. Supp. 2d at 734. There is a "strong presumption in favor of arbitration, and doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Great W. Mortg. Corp. v. Peacock*, 110 F.3d 222, 228 (3d Cir. 1997) (internal quotation marks omitted). This presumption is "particularly applicable where the clause is broad." *AT&T Tech., Inc. v. Commc'n Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582–83 (1960)).

The clause here is broad and specifically includes claims of age discrimination among disputes which must be arbitrated, and Schwartz does not contend otherwise.

---

[4] The arbitration agreement was also sufficiently definite and supported by consideration. It explains the claims covered by the agreement, how to apply for arbitration, what happens during arbitration proceedings and the costs associated with it. (Employee Agreement at 10.) "In Pennsylvania, '[a]n agreement is sufficiently definite if the parties intended to make a contract and there is a reasonably certain basis upon which a court can provide an appropriate remedy.'" *Soroko*, 2015 WL 5585350 at *5 (quoting *Peerless Publications, Inc. v. Cnty. of Montgomery*, 656 A.2d 547, 552 (Pa. Commw. Ct. 1995)). Schwartz and Ritz-Carlton entered into a contract, and the arbitration agreement is sufficiently definite to be enforced. *See supra* Section III.A. Moreover, the arbitration agreement was supported by consideration because both parties agreed to arbitrate at stage three of the dispute resolution process. *Id.* "When both parties have agreed to be bound by arbitration, adequate consideration exists and the arbitration agreement should be enforced." *Blair v. Scott Specialty Gases*, 283 F.3d 595, 603 (3d Cir. 2002).

7

See *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991) (holding that ADEA claims may be subjected to compulsory arbitration); *Soroko*, 2015 WL 5585350 at *8 (ADEA and PHRA claims alleging age discrimination subject to arbitration agreement); *Reichner*, 2012 WL 959365 at *6 (same). The arbitration agreement is a valid, enforceable contract requiring Schwartz to arbitrate the claims set forth in his Complaint.

IV

The FAA directs that if a case referable to arbitration is brought in federal court, the court before which the lawsuit is pending "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. This section "affords district courts no discretion to dismiss a case where one of the parties applies for a stay pending arbitration." *Lloyd v. HOVENSA, LLC*, 369 F.3d 263, 269 (3d Cir. 2004). Ritz-Carlton moved to dismiss, or in the alternative to stay proceedings to compel arbitration. (Mot. at 1.) This case will be stayed and placed in civil suspense pending the outcome of arbitration. *See Curtis v. Cintas Corp.*, 229 F. Supp. 3d 312, 322 (E.D. Pa. Jan. 17, 2017) (staying proceeding when defendant moved to dismiss or in the alternative to stay proceedings).

BY THE COURT:

/s/ Gerald J. Pappert

GERALD J. PAPPERT, J.

8